IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

BRANDON KING,

    Plaintiff,

v.

CIVIL ACTION NO.: CV513-040

DEBORAH STEWART,

    Defendant.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently housed at Coffee Correctional Facility in Nicholls, Georgia, filed a 42 U.S.C. § 1983 action. On December 30, 2013, Defendant Stewart filed a Motion for Summary Judgment. The Clerk of Court mailed a Notice to Plaintiff advising him that Defendant Stewart filed a Motion for Summary Judgment and that a response must be filed by January 23, 2014. (Doc. No. 22). That Notice further advised Plaintiff that:

1. If you do not timely respond to this motion . . ., the consequence may be that the Court will deem the motion unopposed, and the Court may enter judgment against you.

2. If your opponent's Statement of Material Facts sets forth facts supported by evidence, the Court may assume that you admit all such facts unless you oppose those facts with your own Statement of Material Facts which also sets forth facts supported by evidence.

3. If a summary judgment motion is properly supported, you may not rest on the allegations in your [Complaint] alone.

(Id.). Plaintiff filed no Response to Defendant Stewart's Motion for Summary Judgment. However, "the district court cannot base the entry of summary judgment on the mere fact that the motion [is] unopposed but, rather, must consider the merits of the motion." United States v. One Piece of Real Property Located at 5800 SW 74th Ave., Miami, Fla., 363 F.3d 1099, 1101 (11th Cir. 2004) (citation omitted). Specifically, the court "must still review the movant's citations to the record to determine if there is, indeed, no genuine issue of material fact." Mann v. Taser Int'l, Inc., 588 F.3d 1291, 1303 (11th Cir. 2009) (citation omitted).

## STATEMENT OF THE CASE

Plaintiff asserts that, upon his arrival at Coffee Correctional Facility, he informed the medical staff that he suffers from chronic hypertension and requires blood pressure medicine. Plaintiff alleges that despite his notification, Dr. Pierre Fountaine and Defendant Stewart refused to provide him with the medication necessary to treat his hypertension. Plaintiff asserts medical staff have refused to "get his Doctor to send in the paper stating he had hypertension." (Doc. No. 1, p. 5).

Defendant Stewart contends that she was not deliberately indifferent to Plaintiff's serious medical needs, as Plaintiff does not have a condition requiring blood pressure medication.

## STANDARD OF REVIEW

Summary judgment "shall" be granted if "the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could

2

return a verdict for the nonmoving party. However, there must exist a conflict in substantial evidence to pose a jury question." Hall v. Sunjoy Indus. Grp., Inc., 764 F. Supp. 2d 1297, 1301 (M.D. Fla. 2011) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986), and (Verbraeken v. Westinghouse Elec. Corp., 881 F.2d 1041, 1045 (11th Cir. 1989)).

The moving party bears the burden of establishing that there is no genuine dispute as to any material fact and that he is entitled to judgment as a matter of law. See Williamson Oil Co., Inc. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving party must identify the portions of the record which establish that there are no "genuine dispute[s] as to any material fact and the movant is entitled to judgment as a matter of law." Moton v. Cowart, 631 F.3d 1337, 1341 (11th Cir. 2011). When the nonmoving party would have the burden of proof at trial, the moving party may discharge his burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial. See id. (citing Celotex v. Catrett, 477 U.S. 317, 322-23 (1986)). In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party. Peek-A-Boo Lounge of Bradenton, Inc. v. Manatee Co., Fla., 630 F.3d 1346, 1353 (11th Cir. 2011).

## DISCUSSION AND CITATION TO AUTHORTY

The Eighth Amendment's proscription against cruel and unusual punishment imposes a constitutional duty upon a prison official to take reasonable measures to guarantee the safety of inmates. The standard for cruel and unusual punishment,

3

embodied in the principles expressed in Estelle v. Gamble, 429 U.S. 97, 104 (1976), is whether a prison official exhibits a deliberate indifference to the serious medical needs of an inmate. Farmer v. Brennan, 511 U.S. 825, 828 (1994). However, "not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (quoting Estelle, 429 U.S. at 105). Rather, "an inmate must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Hill v. DeKalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1186 (11th Cir. 1994).

In order to prove a deliberate indifference claim, a prisoner must overcome three obstacles. The prisoner must: 1) "satisfy the objective component by showing that [he] had a serious medical need"; 2) "satisfy the subjective component by showing that the prison official acted with deliberate indifference to [his] serious medical need"; and 3) "show that the injury was caused by the defendant's wrongful conduct." Goebert v. Lee County, 510 F.3d 1312, 1326 (11th Cir. 2007). A medical need is serious if it "'has been diagnosed by a physician as *mandating* treatment or [is] one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" Id. (quoting Hill, 40 F.3d at 1187) (emphasis supplied). As for the subjective component, the Eleventh Circuit has consistently required that "a defendant know of and disregard an excessive risk to an inmate's health and safety." Haney v. City of Cumming, 69 F.3d 1098, 1102 (11th Cir. 1995). Under the subjective prong, an inmate "must prove three things: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than [gross] negligence." Goebert, 510 F.3d at 1327.

AO 72A
(Rev. 8/82)

A review of the relevant supporting documentation reveals that Plaintiff fails to overcome his burden of establishing a genuine dispute as to any material fact regarding his deliberate indifference to serious medical needs claims against Defendant Stewart. The record before the Court indicates that Plaintiff had no medical problems on June 4, 2012, the date he was being transferred from Georgia Diagnostic and Classification Prison to Coffee Correctional Facility. (Doc. No. 21, p. 30). During Plaintiff's routine intake to Coffee Correctional Facility on June 5, 2012, Plaintiff denied having any problem, and his blood pressure was 115/80. (Id. & at pp. 33, 36). Plaintiff was not taking any medications at these times, and there was no notation indicating he suffered from high blood pressure, or hypertension. (Id. at pp. 31, 33). On September 4, 2012, Plaintiff informed nurse Deborah Gunter that he was diagnosed with having high blood pressure at a hospital and that he thought he needed his medication. Nurse Gunter's plan was to check Plaintiff's blood pressure daily for a week. (Id. at p. 38). Plaintiff was seen in medical several times from that date through March 13, 2013, and his blood pressure was checked on each of those occasions. (Id. at pp. 38–49).

There is nothing before the Court indicating that Plaintiff had an elevated blood pressure reading at any time. On March 13, 2013, Plaintiff stated that he did not want to continue having his blood pressure checked on a regular basis but would go to medical to have his blood pressure checked if he felt like his pressure was elevated. (Id. at p. 49). There is also nothing before the Court indicating that Plaintiff was prescribed blood pressure medication at any time. Further, there is nothing before the Court which indicates that Defendant Stewart has provided Plaintiff with any medical care or treatment while he has been housed at Coffee Correctional Facility. In fact, Defendant

5

Stewart asserts that, even though she is a registered nurse, she has an administrative position at the facility and does not provide medical care to inmates. (Id. at pp. 13–14).

Plaintiff has failed to create a genuine dispute as to any fact material to his assertion that he had a serious medical need, Defendant Stewart was aware of this serious medical need, and Defendant Stewart was deliberately indifferent to Plaintiff's serious medical need. Accordingly, Defendant Stewart is entitled to summary judgment in her favor as a matter of law.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendant Stewart's Unopposed Motion for Summary Judgment be **GRANTED** and that Plaintiff's Complaint be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 19th day of March, 2014.

_____
JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)